1  RICHARD H. RAHM, Bar No. 130728
   rrahm@littler.com
2  ANGELA J. RAFOTH, Bar No. 241966
   arafoth@littler.com
3  C. ROBERT HARRINGTON, Bar No. 302239
   rharrington@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, California  94104
   Telephone:   415.433.1940
6  Facsimile:    415.399.8490

7  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11  | MARCO GARAY, on behalf of himself, all others similarly situated, | Case No. 3:18-cv-07538 |
12  | | **SOUTHWEST'S NOTICE OF REMOVAL TO FEDERAL COURT** |
13  | Plaintiff, | |
    | | **[28 U.S.C. §§ 1332, 1441, and 1446]** |
14  | v. | |
15  | SOUTHWEST AIRLINES CO, a Texas corporation, and DOES 1 through 50, inclusive, | |
16  | | |
17  | Defendant. | |
18  | | Complaint Filed:  October 25, 2018<br>Trial Date:  None Set |

19

20

21

22

23

24

25

26

27

28

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT

1

2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD**:

3

4

5

6

7

8

9

10

**PLEASE TAKE NOTICE** that Defendant Southwest Airlines Co. ("Southwest") through its undersigned counsel, contemporaneously with filing this Notice, effects removal of the above-entitled action, Case No. RG18926106, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. The basis for original jurisdiction of the federal court is grounded in the Class Action Fairness Act of 2005 and under 28 U.S.C. sections 1332(d)(2), 1441(a) and 1446. This case meets each requirement for removal and is timely and properly removed by filing this Notice of Removal. To support this Notice of Removal, Southwest states:

**I.    STATEMENT OF JURISDICTION**

11

12

13

14

15

16

17

1.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of Five Million Dollars ($5,000,000), exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. section 1446.

18

19

20

21

22

23

24

2.    This Court has jurisdiction under CAFA, 28 U.S.C. section 1332(d), and this case may be removed under 28 U.S.C. section 1441(a), because it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) Southwest is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and Southwest; and (4) the amount in controversy aggregated for all class members exceeds Five Million Dollars ($5,000,000).

**II.    VENUE**

25

26

27

3.    Based on Plaintiff filing his action in the Superior Court for County of Alameda, the proper venue for removal of this action is the Northern District of California because it

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT

1.

1    is the district court where the state court action is pending.  *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a)

2    and 1446.

3    **III.    PLEADINGS, PROCESS AND ORDERS**

4              4.      This action arises out of Southwest's employment of Plaintiff Marco Garay

5    ("Plaintiff").  On October 25, 2018, Plaintiff filed a Class Action Complaint in the Superior Court of

6    the State of California, County of Alameda, *Marco Garay v. Southwest Airlines Co., et al.*, Case

7    No. RG18926106 (the "Complaint").  The Complaint asserts these six causes of action:  (1) Failure

8    to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Hourly Wages;

9    (4) Failure to Provide Accurate Written Wage Statements; (5) Failure to Timely Pay all Final

10   Wages; and (6) Unfair Competition.   Attached as **Exhibit A** is a true and correct copy of the

11   Complaint.

12             5.      On November 16, 2018, Plaintiff served Southwest with a copy of the

13   Summons, Civil Cover Sheet, and Complaint.  True and correct copies of these documents served on

14   Southwest are attached as **Exhibit B**.

15             6.      On December 13, 2018, Southwest filed its Answer to Plaintiff's Complaint, a

16   true and correct copy of which is attached as **Exhibit C**.

17             7.      To Southwest's knowledge, no further process, pleadings, or orders related to

18   this case have been filed in the State Court Action or served by any party and no proceedings related

19   hereto have been heard in the State Court Action.   Under 28 U.S.C. § 1446(a), these constitute "all

20   process, pleadings and orders" that have been served upon Southwest in the State Court Action.

21   **IV.    NOTICE TO STATE COURT AND PLAINTIFF**

22             8.      Contemporaneously with filing this Notice of Removal in the United States

23   District Court for the Northern District of California, written notice of the removal will be given by

24   the undersigned to Plaintiff's Counsel of Record, Shaun Setareh, H. Scott Leviant, Williams M. Pao

25   of Setareh Law Group and a copy of this Notice of Removal will be filed with the Clerk of the

26   Superior Court for the State of California for the County of Alameda as required by 28 U.S.C.

27   §1446(d).

28

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                                        2.

## V.    TIMELINESS OF REMOVAL

9.    Under 28 U.S.C. section 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, a notice of removal of a civil action must be filed within thirty (30) days of receipt of service of the summons and Complaint if the complaint demonstrates that the case is removable. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48, 354 (1999) (removal period is triggered by completed state service of process). Removal is timely because this Notice of Removal is filed within thirty (30) days from November 16, 2018, when Southwest was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

## VI.    THE REQUIREMENTS FOR CAFA JURISDICTION EXIST

9.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law where (1) there are over 100 putative class members, (2) the defendant is not a government entity, (3) any member of a class of plaintiffs is a citizen of a state different from any defendant, and (4) the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446. This case meets each CAFA requirement for removal, and is timely and properly removed by filing this Notice.

### A.    Plaintiff's Complaint Seeks Relief as a Class Action.

10.    Under CAFA, "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B). In his Complaint, Plaintiff asserts he is seeking to pursue a class action. Compl., ¶¶ 1, 10-18, and Prayer for Relief (1)-(3).

### B.    The Proposed Class Contains at Least 100 Members.

11.    Under 28 U.S.C. section 1332(d)(5)(B), district courts have original jurisdiction over a class action case under CAFA if the number of members of the proposed class is no less than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

12.    As set forth in the Complaint, Plaintiff seeks to represent a class consisting of current and former employees of Southwest defined as follows: "Hourly Employee Class: All

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO FEDERAL COURT                    3.

persons employed by Defendants and/or any staffing agencies and/or any other third parties who are California residents and/or non-California residents who worked in California during the time period beginning four years prior to the filing of this action until judgment is entered." Compl., ¶ 11.

13.     Southwest employed approximately 2,475 full-time equivalent hourly, nonexempt employees in California ("FTE")[1] in 2014 with an average hourly base rate of pay of about $22.12; approximately 2,704 FTE's in 2015 with an average hourly base rate of pay of about $21.45; approximately 3,003 FTE's in 2016 with an average hourly base rate of pay of about $22.55; approximately 3,254 FTE's in 2017 with an average hourly base rate of pay of about $22.29; and approximately 3,667 FTE's in 2018 with an average hourly base rate of pay of about $22.11. *Without conceding the scope of the Putative Class*, the Putative Class as defined in Plaintiff's Complaint contains more than 100 members. Declaration of Michelle Inlow ("Inlow Decl."), ¶ 4.

**C.     Southwest Is Not A Governmental Entity.**

14.     CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B). Southwest is a Texas corporation, and not a state, state official, or other government entity. *See* Compl., ¶ 6.

**D.     Plaintiff's Citizenship Is Diverse from Southwest's Citizenship.**

15.     CAFA's minimal diversity requirement is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity and not the citizenship of the putative class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

16.     For jurisdiction, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's

---

[1] Southwest estimates potential liability using FTE positions, instead of numbers of employees, because using the latter can inflate potential liability. Each FTE position counts as "one employee position" for 52 weeks of a given year, regardless of how many employees filled that position in that year. For example, if Southwest had an FTE position that was filled by three employees, each of whom worked 4 months and then quit, estimating liability based on those employees working a full year would inflate the calculation threefold.

SOUTHWEST'S NOTICE OF REMOVAL TO FEDERAL COURT

4.

1  domicile is the place he or she resides intending to remain, or to which he or she intends to return.

2  *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Allegations of residency in a

3  state court complaint can create a rebuttable presumption of domicile supporting diversity of

4  citizenship. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also Smith v. Simmons*, 2008

5  U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "*prima facie*" case of

6  domicile).

7       17.    Plaintiff alleges he is an individual residing in the State of California.  Compl.,

8  ¶ 5.  Plaintiff is a citizen of the State of California for purposes of analyzing jurisdiction.

9       18.    Under 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any

10  State by which it has been incorporated and of the State where it has its principal place of business.

11  *See* 28 U.S.C. § 1332(c)(1).  As explained by the United States Supreme Court in *Hertz Corp. v.*

12  *Friend*, 559 U.S. 77, 80-81 (2010), "the phrase 'principal place of business' refers to the place where

13  a corporation's high level officers direct, control, and coordinate the corporation's activities . . .

14  typically [] found at a corporate headquarters."

15       19.    Plaintiff alleges in his Complaint that Southwest is a Texas corporation.

16  Compl., ¶ 6.  When the action was commenced, Southwest was, and still is, incorporated under the

17  laws of the State of Texas with its principal place of business in Texas.  Inlow Decl., ¶¶ 2-3.

18  Southwest is therefore a citizen of the State of Texas for purposes of analyzing jurisdiction.

19       20.    The Complaint also names "Does 1 through 50," which are fictitious

20  defendants.  The Complaint does not set forth the identity or status of any fictitious defendants.

21  Compl., ¶ 7.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under

22  fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot

23  destroy the diversity of citizenship between the parties in this action.  *See Newcombe v. Adolf Coors*

24  *Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

25       21.    This action satisfies diversity requirements because Plaintiff is a citizen of the

26  State of California and Southwest is a citizen of the State of Texas.  Therefore, the minimal diversity

27  requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                5.

**E.    The Amount Placed In Controversy Exceeds The Jurisdictional Threshold.**

22.    "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *Abrego Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006).  At the removal stage, however, Southwest need file only a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id.*  Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.  *Id.* at 553.

23.    "Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.  This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1200, n.1 (9th Cir. 2015).  Here, Southwest denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom.  For purposes of removal only, and without conceding that Plaintiffs or members of the Putative Class are entitled to any damages or penalties, Plaintiff's allegations clearly place a sufficient amount in controversy, as explained below.

**1.    One Theory For Which Plaintiff Seeks Recovery Under His Overtime Claims Places Approximately $22,746,174.90 In Controversy.**

24.    In his third cause of action, Plaintiff alleges several theories[2] for which Southwest failed to pay all hourly wages.  *See* Compl., ¶¶ 20-24, 27-31, 64-92.  Plaintiff alleges he

---

[2] Southwest reserves its right to calculate the amount in controversy under the theories and other causes of action not calculated here if jurisdiction is challenged.  *See Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (removal petition may be amended to clarify defective allegations of jurisdiction previously made); *see also* 28 U.S.C. § 1446(b) (if no grounds

SOUTHWEST'S NOTICE OF REMOVAL TO FEDERAL COURT

1    and the putative class were not paid at the correct overtime rate and were instead paid straight time

2    for all hours worked even when having worked in excess of eight (8) hours per day and/or forty (40)

3    hours in the workweek. *See id.*, ¶¶ 27-28.

4         25.    Labor Code section 510 and Section 3 of Wage Order 9 require employers to

5    pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their

6    respective regular rates of pay for all hours worked in excess of eight (8) hours per day or forty (40)

7    hours in a workweek.

8         26.    Putative class members worked approximately 3.7 hours of overtime each

9    week in 2015; 3.0 hours of overtime each week in 2016; 3.4 hours of overtime each week in 2017;

10   and 2.7 hours of overtime each week.  Inlow Decl., ¶ 6.  Because Plaintiff alleges these employees

11   were paid straight time rather than the overtime rate, one would apply a 0.5 multiplier to the number

12   of overtime hours worked to calculate the amount in controversy.  Plaintiff has thus placed

13   approximately $22,746,174.90 in controversy on this one theory related to his overtime claims

14   alone.[3]

15       **2.    Plaintiff's Wage Statement Claims Place More Than $8,250,750 In**
       **Controversy.**

16

17        27.    In his fourth cause of action, Plaintiff alleges Southwest failed to provide

18   accurate wage statements in violation of Labor Code section 226(a), for which they seek statutory

19   penalties under section 226(e).  *See* Compl., ¶¶ 32-36, 93-99.  Plaintiff alleges this occurred "at all

20   relevant times during the applicable limitations period."  Compl., ¶ 96.  Plaintiff alleges Southwest

21   has not provided "written" pay stubs (Compl., ¶¶ 94-96) and thus allege a violation of Labor Code

22   section 226(a) for each and every wage statement of the putative class members during the relevant

23   for removal is evident from the pleading, then a notice of removal may be filed within 30 days after
a defendant receives "an amended pleading, motion, order, or other paper" establishing jurisdiction

24   is proper); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (same).

25      [3] Southwest calculated this amount as follows: (2,704 FTE's in 2015 x $21.45 average base
rate of pay x 3.7 average overtime hours worked/week x 52 weeks x 0.5 multiplier = $5,579,676.96)

26   + (3,003 FTE's in 2016 x $22.55 average base rate of pay x 3.0 average overtime hours
worked/week x 52 weeks x 0.5 multiplier = $5,281,976.70) + (3,254 FTE's in 2017 x $22.29

27   average base rate of pay x 3.4 average overtime hours worked/week x 52 weeks x 0.5 multiplier =
$6,411,798.74) + (3,667 FTE's in 2018 x $22.11 average base rate of pay x 2.7 average overtime

28   hours worked/week x 50 weeks x 0.5 multiplier = $5,472,722.48) = $22,746,174.90

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT

1    time period.  Moreover, Plaintiff alleges Southwest did not calculate overtime at the proper rate.  *See*

2    Compl., ¶¶ 27-36.  Because in general every putative class member worked at least some overtime

3    (Inlow Decl., ¶ 6), Plaintiff has placed in controversy each and every wage statement of the putative

4    class members during the relevant time period.

5            28.    Labor Code section 226(e) provides that an "employee suffering injury as a

6    result of knowing and intentional failure by an employer" to comply with section 226(a) "is entitled

7    to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

8    violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

9    period, not exceeding an aggregate penalty of four thousand dollars ($4,000) . . ."  The statute of

10   limitations on a section 226(e) claim is one year.  *See Singer v. Becton, Dickinson and Co.*, No.

11   08cv821, 2008 U.S. Dist. LEXIS 56326, *11-14 (S.D. Cal., Jul. 23, 2008).

12           29.    Southwest's nonexempt, hourly employees are (and were) paid twice per

13   month and, as such, its FTE's have 24 pay periods per year.  Inlow Decl., ¶ 7.  The first pay period

14   would be assessed a penalty of $50, and each of the remaining 23 pay periods would be assessed at

15   $100, or a total of $2,350 for the one-year statute of limitations period.  To calculate the amount in

16   controversy for 2018 at the time of removal, one would exclude one pay check, which would result

17   in a total of $2,250 in statutory penalties per FTE.  Based on the 3,667 FTE's in 2018 each receiving

18   $2,250 in statutory penalties, a reasonable estimate of the amount in controversy for wage statement

19   penalties would be $8,250,750 (3,667 FTE's x $2,250).  This calculation does not include statutory

20   penalties for wage statements from October 25, 2017 through December 31, 2017, which would only

21   further increase the amount in controversy for this cause of action.

22           **3.    Plaintiff's Claim for Waiting Time Penalties Places At Least**
             **$4,843,327.20 In Controversy.**

23

24           30.    Plaintiff's fifth cause of action is for statutory waiting time penalties under

25   California Labor Code section 203.  *See* Compl., ¶¶ 100-110.  California Labor Code section 203

26   provides for one-day's wages for each day an employee who has separated from his or her employer

27   is not paid all wages owed, up to a total of thirty days' wages.  California Labor Code section 203

28

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    8.

1    has a three-year statute of limitations. *See Pineda v. Bank of America, N.A,* 50 Cal. 4th 1382, 1935

2    (2010).

3            31.     Plaintiff alleges that "at all relevant times during the applicable limitations

4    period, Southwest maintained a policy or practice of . . . failing to timely pay [Waiting Time

5    Penalties Sub-Class members] all final wages." Compl., ¶ 107. This is presumably because Plaintiff

6    alleges Southwest "failed to pay hourly wages to Plaintiff and [putative] class members for all time

7    worked." Compl., ¶ 78. Based on Plaintiff's allegations, every putative class member who has

8    separated their employment from Southwest since October 25, 2015 would be entitled to additional

9    compensation and would be subject to statutory waiting time penalties.

10            32.     Approximately 907 putative class members separated employment from

11    Southwest between October 25, 2015 and November 12, 2018 (when the data was collected). Inlow

12    Decl., ¶ 8. This includes 41 employees between October 25, 2015 and December 31, 2016; 233

13    employees in 2016; 285 employees in 2017; and 348 employees between January 1, 2018 and

14    November 12, 2018. *Id.* During this period, putative class members generally were scheduled for 8-

15    hour days. Inlow Decl., ¶ 5. Conservatively using 8-hour days multiplied by the average rate of pay

16    multiplied by 30 days multiplied the separated employees results in $4,843,327.20 in controversy for

17    Plaintiff's waiting time penalties claim.[4] This calculation does not include employees who separated

18    between November 13, 2018 and the date of this removal.

19           **4.**     **Plaintiff's Claim for Attorneys' Fees Places About $8,960,063.02 In**
20                **Controversy.**

21            33.     "[I]f a plaintiff would be entitled under a contract or statute to future

22    attorneys' fees, such fees are at stake in the litigation and should be included in the amount in

23    controversy." *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

24    Here, Plaintiff seeks to recover attorneys' fees as to each cause of action. *See* Compl., ¶¶ 52, 63, 92,

25    99, 110, 127, and Prayer for Relief § (13). If Plaintiff prevailed on his claims, he could be entitled to

26          [4] Southwest calculated the amount as follows: (41 employees in 2015 x $21.45 average rate
of pay x 8 hours/day x 30 days = $211,068) + (233 employees in 2016 x $22.55 average rate of pay

27    x 8 hours/day x 30 days = $1,260,996) + (285 employees in 2017 x $22.29 average rate of pay x 8
hours/day x 30 days = $1,524,636) + (348 employees in 2018 x $22.11 average rate of pay x 8

28    hours/day x 30 days = $1,846,627.20) = $4,843,327.20 in controversy.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT        9.

attorneys' fees under Labor Code section 218.5 for the nonpayment of wages, under Labor Code section 1194 for overtime violations, under Labor Code section 226(e) for wage statement violations, and under Code of Civil Procedure section 1021.5 for his UCL claim. Moreover, Plaintiff's UCL claim is derivative of all of his other claims. *See* Compl., ¶¶ 111-127. "[F]or jurisdictional purposes, if it is possible that such segregation [between recoverable and non-recoverable fees] will not be feasible, the entire amount of attorneys' fees should be included in calculating the amount in controversy." *Stone v. GEICO Gen. Ins. Co.*, 731 Fed Appx. 688, 689 (9th Cir. 2018). If Plaintiff prevailed, he could thus be entitled under statute to attorneys' fees for all of his claims, and such future attorneys' fees are properly included in the amount in controversy.

34.     The Ninth Circuit has explained "a percentage-based method" is "relevant when estimating the amount of attorneys' fees included in the amount in controversy." *Fritsch*, 899 F.3d at 796 n.6; *see also City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded."). The attorneys' fees benchmark in the Ninth Circuit is 25% of a common fund recovery. *See Garibay v. Archstone Cmtys. Ltd. Liab. Co.*, 539 F. App'x 763, 764 (9th Cir. 2013) ("25% recovery is the 'benchmark' level for reasonable attorney's fees in class action cases … and [] such fees are properly included in calculations of the amount in controversy"). Accordingly, district courts in the Ninth Circuit have used 25% of the amount of damages and penalties in controversy to determine the amount of attorneys' fees in controversy. *See, e.g.*, *Ramos v. Schenker, Inc.*, No. 5:18-cv-01551, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."). This is because California courts have recognized "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008); *see also Smith v. CRST Van Expedited, Inc.*, No. 10-cv-1116, 2013 U.S. Dis. LEXIS 6049, at *5 (S.D. Cal. 2013) ("California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent."). Southwest has shown above that Plaintiff has placed at least

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    10.

$35,840,252.10 in controversy in damages and penalties.[5]   Plaintiff has therefore placed about $8,960,063.02 in controversy in attorneys' fees, as it is 25% of $35,840,252.10.

35.     Fee awards in similar cases may also establish the attorneys' fees in controversy for jurisdiction.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).  The court in *Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 9664959, at *11-12 (C.D. Cal. 2015) awarded $3.6 million in attorney's fees to the plaintiffs in a wage and hour class action.  In *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *83 (N.D. Cal. 2011), the court awarded $6.75 million in attorney's fees in a wage and hour class action to the plaintiff.  In *Ruiz v. XPO Last Mile, Inc.*, 2017 WL 6513962, at *7 (S.D. Cal. 2017), the court awarded $4,865,000 in fees in a wage and hour class action involving independent contractor misclassification, which represented 35% of the recovery for the class.  These cases further support that Plaintiff placed at least $3,077,325 in controversy in attorneys' fees.

**5.     The Aggregate Amount At Issue Is Well In Excess Of The Jurisdictional Threshold.**

36.     Based on reasonable assumptions derived from the evidence, a plausible estimate of the aggregate amount in controversy is at least $15,386,625 as summarized below:

| Plaintiff's Alleged Claim | Alleged Amount in Controversy |
|---|---|
| Overtime Claims | $22,746,174.90 |
| Lab. Code § 226 Wage Statement Penalties | $8,250,750 |
| Lab. Code § 203 Waiting Time Penalties | $4,843,327.20 |
| Attorneys' Fees | $8,960,063.02 |
| **Total** | $44,800,315.10 |

37.     Although Southwest denies Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's allegations in the Complaint as true, it is more likely than not that the $5 million jurisdictional amount requirement of the CAFA is met.

---

[5] Southwest calculated this amount as follows: $22,746,174.90   [overtime] + $8,250,750 [wage statement penalties] + $4,843,327.20 [waiting time penalties] = $35,840,252.10

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                              11.

1

**VII.    CONCLUSION**

2          Based on the evidence presented in this Notice, Southwest removes the action now

3   pending against it in the Superior Court of the State of California, County of Alameda, to the federal

4   District Court for the Northern District of California.

5

6   Dated:  December 14, 2018

7

8                                                      /s/ C. Robert Harrington
                                                       RICHARD H. RAHM
9                                                      ANGELA J. RAFOTH
                                                       C. ROBERT HARRINGTON
                                                       LITTLER MENDELSON, P.C.
10

11                                                     Attorneys for Defendant
                                                       SOUTHWEST AIRLINES CO.
12   FIRMWIDE:160591049.1 081298.1000

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOUTHWEST'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    12.

# EXHIBIT A

1 | Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
2 | H. Scott Leviant (SBN 200834)
scott@setarehlaw.com
3 | William M. Pao (SBN 219846)
william@setarehlaw.com
4 | SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
5 | Beverly Hills, California 90212
Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

**FILED**
**ALAMEDA COUNTY**

OCT 25 2018

CLERK OF THE SUPERIOR COURT
By _____
Deputy

7 | Attorneys for Plaintiff
MARCO GARAY

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ALAMEDA

11 | UNLIMITED JURISDICTION

12

13 | MARCO GARAY, on behalf of himself, all others similarly situated,

Case No.   **RG18926106**

14 | Plaintiff,

**CLASS ACTION**

15 |

**COMPLAINT**

16 | vs.

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
6. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

17 | SOUTHWEST AIRLINES CO, a Texas corporation; and DOES 1 through 50, inclusive,

18 |

19 | Defendants.

20

21

22

23 |

**JURY TRIAL DEMANDED**

24

25

26

27

28

CLASS ACTION COMPLAINT

1      COMES NOW, Plaintiff MARCO GARAY ("Plaintiff"), on behalf of himself, all others

2  similarly situated, complains and alleges as follows:

3                                         **INTRODUCTION**

4      1.      Plaintiff brings this class action against Defendant SOUTHWEST AIRLINES CO., a

5  Texas corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for

6  alleged violations of the Labor Code and Business and Professions Code.  As set forth below,

7  Plaintiff alleges that Defendants have:

8              (1)    failed to provide him and all other similarly situated individuals with meal

9                     periods;

10             (2)    failed to provide them with rest periods;

11             (3)    failed to pay them premium wages for missed meal and/or rest periods;

12             (4)    failed to pay them premium wages for missed meal and/or rest periods at the

13                    regular rate of pay;

14             (5)    failed to pay them at least minimum wage for all hours worked;

15             (6)    failed to pay them overtime wages at the correct rate;

16             (7)    failed to pay them double time wages at the correct rate;

17             (8)    failed to pay them overtime and/or double time wages by failing to include all

18                    applicable remuneration in calculating the regular rate of pay;

19             (9)    failed to provide them with accurate written wage statements; and

20             (10)   failed to pay them all of their final wages following separation of

21                    employment.

22      Based on these alleged Labor Code violations, Plaintiff now brings this class action to

23  recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

24  situated.

25                                   **JURISDICTON AND VENUE**

26      2.      This Court has subject matter jurisdiction to hear this case because the monetary

27  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

28  jurisdiction of the Superior Court of the State of California.

3.    Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

4.    Venue is proper in Alameda County because Defendants' principal place of business is in Texas, is incorporated under the laws of Texas, does business in San Bernardino County, and has not registered a California place of business with the California Secretary of State. As such, venue is proper in any county in California.

<strong><u>PARTIES</u></strong>

5.    Plaintiff MARCO GARAY is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.    Plaintiff is informed and believes, and thereupon alleges that Defendant SOUTHWEST AIRLINES CO. is, and at all relevant times mentioned herein, a Texas corporation doing business in the State of California.

7.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

9.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

1  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

2  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

3  acts and omissions alleged herein.

4                                **CLASS ALLEGATIONS**

5         10.    This action has been brought and may be maintained as a class action pursuant to

6  Code of Civil Procedure section 382 because there is a well-defined community of interest among

7  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

8  unaware of any difficulties likely to be encountered in managing this case as a class action.

9         11.    **Relevant Time Period**:  The relevant time period is defined as the time period

10  beginning four years prior to the filing of this action until judgment is entered.

11         **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
           and/or any other third parties who are California residents and/or non-California residents
12         who worked in California during the **Relevant Time Period**.

13              **Meal Period Sub-Class**:  All Hourly Employee Class members who worked in a
                shift in excess of five hours during the **Relevant Time Period**.
14
                **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
15              of at least three and one-half (3.5) hours during the **Relevant Time Period**.

16              **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
                employed by Defendants in California during the period beginning one year before
17              the filing of this action and ending when final judgment is entered.

18              **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
                separated from their employment with Defendants during the period beginning three
19              years before the filing of this action and ending when final judgment is entered.

20         **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
           during the **Relevant Time Period**.
21

22         12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

23  right to amend or modify the class definitions with greater specificity, by further division into sub-

24  classes and/or by limitation to particular issues.

25         13.    **Numerosity**:  The class members are so numerous that the individual joinder of each

26  individual class member is impractical.  While Plaintiff does not currently know the exact number

27  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

28  exceeds the minimum required for numerosity under California law.

1    14.    **Commonality and Predominance:**  Common questions of law and fact exist as to

2  all class members and predominate over any questions which affect only individual class members.

3  These common questions include, but are not limited to:

4        A.    Whether Defendants maintained a policy or practice of failing to provide

5              employees with their meal periods;

6        B.    Whether Defendants maintained a policy or practice of failing to provide

7              employees with their rest periods;

8        C.    Whether Defendants failed to pay premium wages to class members when

9              they have not been provided with required meal and/or rest periods;

10       D.    Whether Defendants failed to pay minimum and/or overtime wages to class

11             members as a result of policies that fail to provide meal periods in accordance

12             with California law;

13       E.    Whether Defendants failed to pay minimum and/or overtime wages to class

14             members for all time worked;

15       F.    Whether Defendants used payroll formulas that systematically fail to account

16             for non-discretionary bonuses and/or other applicable remuneration when

17             calculating regular rates of pay for class members;

18       G.    Whether Defendants failed to pay overtime wages to class members as a

19             result of incorrectly calculating their regular rates of pay;

20       H.    Whether Defendants failed to pay premium wages to class members based on

21             their respective "regular rates of compensation" by not including

22             commissions and/or other applicable remuneration in calculating the rates at

23             which those wages are paid;

24       I.    Whether Defendants failed to provide class members with accurate written

25             wage statements as a result of providing them with written wage statements

26             with inaccurate entries for, among other things, amounts of gross and net

27             wages, and total hours worked;

28       J.    Whether Defendants applied policies or practices that result in late and/or

CLASS ACTION COMPLAINT

incomplete final wage payments;

K.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

L.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

15.    **Typicality**:  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

16.    **Adequacy of Class Representative**:  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel**:  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18.    **Superiority**:  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

///

1

## GENERAL ALLEGATIONS

2    19.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

3    approximately August 1, 2002 through September 2015.

4    **Shortened and/or Late Meal Periods, Auto-Deduct and Off-the-Clock**

5    20.    During his employment with Defendants, Plaintiff regularly worked shifts of eight

6    or more hours per day, without being afforded a meal period during the first five hours, and/or a

7    second meal break after ten hours, as required by California law.  Defendants had a policy of

8    automatically deducting time from Plaintiff's timesheets, regardless of whether Plaintiff took a

9    meal period or not.

10    21.    Defendants' ability to provide meal periods and Plaintiff's ability to take them were

11    dictated by the flight schedules of planes coming and going from the Southwest terminal at the

12    Ontario airport.  For example, the duration of meal periods varied from day to day and in large part

13    depended on whether there was sufficient time in between each flight.  On some occasions,

14    Plaintiff and the putative class were provided with less than thirty minutes for a meal period due to

15    flight diversions that required them to interrupt their meal periods and report back to work in order

16    to service those planes.  On other times, Plaintiff and the putative class were provided with meal

17    period after the fifth hour as it was so busy that there was no one to relieve them and so they had to

18    wait for other employees to relieve them for their meal periods.

19    22.    On those occasions when Plaintiff and the putative class were required to interrupt

20    their meal periods, they were not provided with at least thirty minutes uninterrupted meal periods

21    and were also not paid for the time spent working as Defendants auto-deducted for the meal period.

22    As a result, Plaintiff and the putative class were not paid for all hours worked.

23    23.    Plaintiffs and the putative class members were not provided with meal periods of at

24    least thirty (30) minutes for each five (5) hour work period before the fifth hour of work due to (1)

25    Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically

26    understaffing each work shift with not enough workers; (3) imposing so much work on each

27    employee such that it made it unlikely that an employee would be able to take their meal periods if

28    they wanted to finish their work on time; and (4) no formal written meal and rest period policy that

1 encouraged employees to take their meal and rest periods.

2      24.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not

3 provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

4 worked before the fifth hour of work due to complying with Defendants' productivity requirements

5 that required Plaintiffs and the putative class to work through their meal periods as there was no

6 one to relieve them.

7 **Missed Rest Periods**

8      25.    Plaintiff and the putative class members were not provided with rest periods of at

9 least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10 Defendants' policy of not scheduling each test period as part of each work shift; (2) chronically

11 understaffing each work shift with not enough workers; (3) imposing so much work on each

12 employee such that it made it unlikely that an employee would be able to take their rest periods if

13 they wanted to finish their work on time; and (4) no formal written meal and rest period policy that

14 encouraged employees to take their meal and rest periods.

15      26.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16 provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17 or major fraction thereof due to complying with Defendants' productivity requirements that

18 required Plaintiff and the putative class to work through their rest periods as there was no one to

19 relieve them.

20 **Overtime Wages**

21      27.    Plaintiff and the putative class were not paid for all hours worked in excess of eight

22 hours a day, and/or forty hours a week at the correct overtime rate.

23      28.    For example, when Plaintiff picked up a double shift by agreeing to work an

24 additional shift for another employee after working his regularly scheduled shift, he would be paid

25 straight time for all hours worked, even though Plaintiff would have worked in excess of eight

26 hours per day and/or forty hours in the workweek.

27      29.    As a result, Plaintiff and the putative was not paid for all overtime hours worked at

28 the correct rate of pay.

7

1

**Regular Rate of Pay**

2          30.    The regular rate of pay under California law includes all remuneration for

3    employment paid to, on behalf of, the employee.  This requirement includes, but is not limited, to,

4    non-discretionary bonuses and/or shift differential pay.

5          31.    During the applicable limitations period, Defendants violated the rights of Plaintiff

6    and the putative class under the above-referenced Labor Code sections by failing to pay them

7    overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and

8    1198 as a result of not correctly calculating their regular rate of pay to include all applicable

9    remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

10

**Wage Statements**

11         32.    Plaintiff and the putative class were not provided with accurate wage statements as

12    mandated by law pursuant to Labor Code section 226.

13         33.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

14    earned" were not accurately reflected in that:

15                    a.   all hours worked, including overtime, were not paid and so gross wages earned

16                         was not accurately reported;

17                    b.   any and all meal and/or rest period premiums were not paid, and so gross wages

18                         earned was not accurately reported;

19                    c.   any and all overtime and/or double compensation were not properly calculated as

20                         the regular rate of pay did not take into consideration all remuneration paid, and

21                         so gross wages earned was not accurately reported;

22         34.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

23    worked by the employee" were not accurately reflected in that:

24                    a.   all hours worked, including overtime, were not included and so total hours

25                         worked was not accurately reported;

26         35.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

27    earned" were not accurately reflected in that:

28                    a.   all hours worked, including overtime, were not paid and so net wages earned

were not accurately reported;

    b.  any and all meal and/or rest period premiums were not paid, and so net wages earned was not accurately reported;

    c.  any and all overtime and/or double time compensation were not properly calculated as the regular rate of pay did not take into consideration all remuneration paid, and so net wages earned was not accurately reported.

36.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that:

    a.  all hours worked, including overtime, were not included and so the corresponding number hours worked at each hourly rate was not accurately reported;

    b.  the regular rate of pay did not take into consideration all remuneration paid and so the applicable hourly rates in effect during the pay period was not accurately reported.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

37.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

38.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

39.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

1  minutes for each work period of ten hours.

2      40.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

3  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

4  work during required meal periods and require employers to pay non-exempt employees an hour of

5  premium wages on each workday that the employee is not provided with the required meal period.

6      41.    Compensation for missed meal periods constitutes wages within the meaning of

7  Labor Code section 200.

8      42.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

9  violate the applicable Wage Order.

10     43.    Section 11 of the applicable Wage Order states:

11         "No employer shall employ any person for a work period of more than five (5) hours
           without a meal period of not less than 30 minutes, except that when a work period of
12         not more than six (6) hours will complete the day's work the meal period may be
           waived by mutual consent of the employer and employee.  Unless the employee is
13         relieved of all duty during a 30 minute meal period, the meal period shall be
           considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
14         period shall be permitted only when the nature of the work prevents an employee
           from being relieved of all duty and when by written agreement between the parties
15         an on-the-job paid meal period is agreed to.  The written agreement shall state that
           the employee may, in writing, revoke the agreement at any time."
16

17     44.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

18  agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

19  members were not subject to valid on-duty meal period agreements with Defendants.

20     45.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

21  Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

22  **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

23  each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

24  Order.

25     46.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

26  Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

27  **Class** members when they worked five (5) hours without clocking out for any meal period.

28     47.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

10

1   Defendants maintained a policy or practice of automatically deducting for a meal period from the

2   paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or

3   not they were able to take an uninterrupted, duty-free meal period.

4        48.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

5   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

6   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

7   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

8        49.    Moreover, Defendants written policies do not provide that employees must take their

9   first meal period before the end of the fifth hour of work, that they are entitled to a second meal

10  period if they work a shift of over ten hours, or that the second meal period must commence before

11  the end of the tenth hour of work, unless waived.

12       50.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

13  **Class** members additional premium wages, and/or were not paid premium wages at the employees'

14  regular rates of pay when required meal periods were not provided.

15       51.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

16  and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

17  and costs of suit.

18       52.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

20  the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

21  **<u>SECOND CAUSE OF ACTION</u>**

22  **FAILURE TO PROVIDE REST PERIODS**

23  **(Lab. Code §§ 204, 223, 226.7 and 1198)**

24  **(Plaintiff and Rest Period Sub-Class)**

25       53.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26  herein.

27       54.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

28  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

1  Code and the applicable Wage Order.

2      55.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

3  employers to permit and authorize employees to take required rest periods at a rate of no less than

4  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

5  in the middle of each work period insofar as practicable.

6      56.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

7  employers from requiring employees to work during required rest periods and require employers to

8  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

9  each workday that the employee is not provided with the required rest period(s).

10     57.    Compensation for missed rest periods constitutes wages within the meaning of Labor

11 Code section 200.

12     58.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

13 violate the Wage Order.

14     59.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

15 Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

16 with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

17 as required by the applicable Wage Order.

18     60.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

19 **Class** members additional premium wages when required rest periods were not provided.

20     61.    Specifically, Defendants written policies do not provide that employees may take a

21 rest period for each four hours worked, or major fraction thereof, and that rest periods should be

22 taken in the middle of each work period insofar as practicable.

23     62.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

24 and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

25 costs of suit.

26     63.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

27 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

28 **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

1

### THIRD CAUSE OF ACTION

2

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

3

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

4

### (Plaintiff and Hourly Employee Class)

5      64.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

6 herein.

7      65.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

8 been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

9 applicable Wage Order.

10      66.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

11 which an employee is subject to the control of the employer, and includes all the time the employee

12 is suffered or permitted to work, whether or not required to do so."

13      67.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

14 employees at least the minimum wage set forth therein for all hours worked, which consist of all

15 hours that an employer has actual or constructive knowledge that employees are working.

16      68.    Labor Code section 1194 invalidates any agreement between an employer and an

17 employee to work for less than the minimum or overtime wage required under the applicable Wage

18 Order.

19      69.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

20 damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

21 addition to the underlying unpaid minimum wages and interest thereon.

22      70.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

23 than the minimum wage required under the applicable Wage Order for all hours worked during a

24 payroll period.

25      71.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

26 person acting either individually or as an officer, agent or employee of another person, to pay an

27 employee, or cause an employee to be paid, less than the applicable minimum wage.

28      72.    Labor Code section 1198 makes it unlawful for employers to employ employees

1  under conditions that violate the applicable Wage Order.

2    73.    Labor Code section 204 requires employers to pay non-exempt employees their

3  earned wages for the normal work period at least twice during each calendar month on days the

4  employer designates in advance and to pay non-exempt employees their earned wages for labor

5  performed in excess of the normal work period by no later than the next regular payday.

6    74.    Labor Code section 223 makes it unlawful for employers to pay their employees

7  lower wages than required by contract or statute while purporting to pay them legal wages.

8    75.    Labor Code section 510 and Section 3 of the applicable Wage Order require

9  employees to pay non-exempt employees overtime wages of no less than one and one-half times

10  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

11  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

12  the seventh consecutive day of one workweek.

13    76.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

14  employers to pay non-exempt employees overtime wages of no less than two times their respective

15  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

16  worked in excess of eight hours on a seventh consecutive workday during the workweek.

17    77.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

18  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

19  to working conditions and compensation arrangements.

20    78.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

21  **Employee Class** members for all time worked, including but not limited to, overtime hours at

22  statutory and/or agreed rates.

23    79.    At all relevant times during the applicable limitations period, Defendants maintained

24  a policy or practice of automatically deducting from Plaintiff's timecard on every workday for a

25  meal period, regardless of whether or not Plaintiff was provided with a meal period.

26    80.    Plaintiff is informed and believes that, at all relevant times during the applicable

27  limitations period, Defendants maintained a policy or practice of automatically deducting from

28  **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of

1  whether or not **Hourly Employee Class** members were provided with a meal period.

2      81.    As a result of Defendants' policy or practice of automatically deducting from

3  employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class**

4  members were required to perform off-the-clock work that Defendants either knew or should have

5  known they were working.

6      82.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

7  worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

8  permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

9  overtime hours worked.

10     83.    Plaintiff is informed and believes that, at all relevant times during the applicable

11 limitations period, Defendants maintained a policy or practice of not paying hourly wages to

12 **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

13 at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

14     84.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

15 **Employee Class** members all earned wages every pay period at the correct rates, including

16 overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

17 **Hourly Employee Class** members to perform off-the-clock work.

18     85.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

19 members have suffered damages in an amount, subject to proof, to the extent they were not paid the

20 full amount of wages earned during each pay period during the applicable limitations period,

21 including overtime wages.

22     86.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

23 behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

24 overtime wages, interest thereon and costs of suit.

25     87.    The regular rate of pay under California law includes all remuneration for

26 employment paid to, on behalf of, the employee.  This requirement includes but is not limited to,

27 non-discretionary bonuses, and/or shift differential pay.

28     88.    During the applicable limitations period, Defendants violated the rights of Plaintiff

1 and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing
2 to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510,
3 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable
4 remuneration, including but not limited to, non-discretionary bonuses and/or shift differential pay.

5      89.     California law uses the terms "compensation" and "pay" interchangeably and
6 requires that all applicable remuneration, including but not limited to, non-discretionary bonuses
7 and/or shift differential pay, be included when calculating an employee's regular rate of pay.

8      90.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of
9 compensation that did not reflect, among other things, non-discretionary bonuses and/or shift
10 differential pay, as required by Labor Code section 226.7(b) and Sections 11 and 12 of the
11 applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal
12 and/or rest periods.

13      91.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
14 during the applicable limitations period, Defendants maintained a policy or practice of paying
15 **Hourly Employee Class** members premium wages based on rates of compensation that have not
16 reflected non-discretionary bonuses and/or shift differential pay as required by Labor Code section
17 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants
18 paid them premium wages in lieu of meal and/or rest periods.

19      92.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
20 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and
21 **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

26      93.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
27 herein.

28      94.     Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

95.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

96.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

97.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

98.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

99.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

100.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

101.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

102.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

103.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

104.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

105.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

106.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

107.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

108.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

109.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

110.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

111.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1  herein.

2      112.    Business and Professions Code section 17200 defines "unfair competition" to

3  include any unlawful business practice.

4      113.    Business and Professions Code section 17203-17204 allow a person who has lost

5  money or property as a result of unfair competition to bring a class action in accordance with Code

6  of Civil Procedure section 382 to recover money or property that may have been acquired from

7  similarly situated persons by means of unfair competition.

8      114.    California law requires employers to pay hourly, non-exempt employees for all hours

9  they are permitted or suffered to work, including hours that the employer knows or reasonable

10  should know that employees have worked.

11      115.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

12  SECOND and THIRD causes of action herein.

13      116.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

14      117.    Defendants have or may have acquired money by means of unfair competition.

15      118.    Plaintiff is informed and believes and thereupon alleges that by committing the

16  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

17  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

18  Labor Code violations alleged herein.

19      119.    Defendants have committed criminal conduct through their policies and practices of,

20  *inter alia*, failing to comport with their affirmative obligations as an employer provide non-exempt

21  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

22  of five or more hours, by failing to provide non-exempt employees with a paid ten-minute rest

23  period every four hours worked or major fraction thereof, and by failing to pay non-exempt

24  employees for all hours worked and at the correct rate of pay.  At all relevant times, Plaintiff and

25  **UCL Class** members have been non-exempt employees and entitled to the full protections of both

26  the Labor Code and the applicable Wage Order.

27      120.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

28  constitutes unfair competition within the meaning of Business and Professions Code section 17200

1    *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

2    and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

3    an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

4    behalf of similarly situated persons in a class action proceeding.

5        121.    As a result of Defendants' violations of the Labor Code during the applicable

6    limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

7    of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

8    conduct.

9        122.    Plaintiff is informed and believes that other similarly situated persons have been

10   subject to the same unlawful policies or practices of Defendants.

11       123.    Due to the unfair and unlawful business practices in violation of the Labor Code,

12   Defendants have gained a competitive advantage over other comparable companies doing business

13   in the State of California that comply with their legal obligations.

14       124.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

15   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

16   violates or is considered unlawful under any other state or federal law.

17       125.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

18   request the issuance of temporary, preliminary and permanent injunctive relief enjoining

19   Defendants, and each of them, and their agents and employees, from further violations of the Labor

20   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

21   an order permanently enjoining Defendants, and each of them, and their respective agents and

22   employees, from further violations of the Labor Code and applicable Industrial Welfare

23   Commission Wage Orders.

24       126.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

25   himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

26   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

27   and unfair business practices.

28       127.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

    (1)    An order that the action be certified as a class action;

    (2)    An order that Plaintiff be appointed class representative;

    (3)    An order that counsel for Plaintiff be appointed class counsel;

    (4)    Unpaid wages;

    (5)    Actual damages;

    (6)    Liquidated damages;

    (7)    Restitution;

    (8)    Declaratory relief;

    (9)    Pre-judgment interest;

    (10)    Statutory penalties;

    (11)    Civil penalties;

    (12)    Costs of suit;

    (13)    Reasonable attorneys' fees; and

    (14)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all issues so triable.

DATED: October 24, 2018

SETAREH LAW GROUP

SHAUN SETAREH
Attorneys for Plaintiff
MARCO GARAY

CLASS ACTION COMPLAINT

# EXHIBIT B

21083369

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARCO GARAY, on behalf of himself, all others similarly situated,

**FILED
ALAMEDA COUNTY**

OCT 2 5 2018

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Rene C. Davidson Courthouse | CASE NUMBER:<br>*(Número del Caso)*: RG18926106 |
|---|---|

1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE: **OCT 2 5 2018**<br>*(Fecha)* | Chad Finke | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

|  |  | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**21083370**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771     FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Marco Garay

FOR COURT USE ONLY

**FILED
ALAMEDA COUNTY
OCT 25 2018
CLERK OF THE SUPERIOR COURT
By _Sue Pesho_
Deputy**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Garay v. Southwest Airlines Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG18926106 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [✓] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence

d. [✓] Large number of witnesses
e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Six
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: October 24, 2018
Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**                                        Page 2 of 2

Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
  scott@setarehlaw.com
William M. Pao (SBN 219846)
  william@setarehlaw.com
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
MARCO GARAY

**FILED
ALAMEDA COUNTY**

OCT 25 2018

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| MARCO GARAY, on behalf of himself, all others similarly situated,<br><br>     *Plaintiff,*<br><br>     vs.<br><br>SOUTHWEST AIRLINES CO, a Texas corporation; and DOES 1 through 50, inclusive,<br><br>     *Defendants.* | Case No.  R G 1 8 9 2 6 1 0 6<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>5.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>6.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1    COMES NOW, Plaintiff MARCO GARAY ("Plaintiff"), on behalf of himself, all others

2  similarly situated, complains and alleges as follows:

3                                    **INTRODUCTION**

4    1.    Plaintiff brings this class action against Defendant SOUTHWEST AIRLINES CO., a

5  Texas corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for

6  alleged violations of the Labor Code and Business and Professions Code.  As set forth below,

7  Plaintiff alleges that Defendants have:

8          (1)    failed to provide him and all other similarly situated individuals with meal

9                 periods;

10         (2)    failed to provide them with rest periods;

11         (3)    failed to pay them premium wages for missed meal and/or rest periods;

12         (4)    failed to pay them premium wages for missed meal and/or rest periods at the

13                regular rate of pay;

14         (5)    failed to pay them at least minimum wage for all hours worked;

15         (6)    failed to pay them overtime wages at the correct rate;

16         (7)    failed to pay them double time wages at the correct rate;

17         (8)    failed to pay them overtime and/or double time wages by failing to include all

18                applicable remuneration in calculating the regular rate of pay;

19         (9)    failed to provide them with accurate written wage statements; and

20         (10)   failed to pay them all of their final wages following separation of

21                employment.

22    Based on these alleged Labor Code violations, Plaintiff now brings this class action to

23  recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

24  situated.

25                              **JURISDICTON AND VENUE**

26    2.    This Court has subject matter jurisdiction to hear this case because the monetary

27  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

28  jurisdiction of the Superior Court of the State of California.

1   3.  Venue is proper in the County of Alameda pursuant to Code of Civil Procedure

2 sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

3 that are the subject matter of this Complaint occurred therein and/or each defendant is found,

4 maintains offices, transacts business and/or has an agent therein.

5   4.  Venue is proper in Alameda County because Defendants' principal place of

6 business is in Texas, is incorporated under the laws of Texas, does business in San Bernardino

7 County, and has not registered a California place of business with the California Secretary of State.

8 As such, venue is proper in any county in California.

9            **PARTIES**

10   5.  Plaintiff MARCO GARAY is, and at all relevant times mentioned herein, an

11 individual residing in the State of California.

12   6.  Plaintiff is informed and believes, and thereupon alleges that Defendant

13 SOUTHWEST AIRLINES CO. is, and at all relevant times mentioned herein, a Texas corporation

14 doing business in the State of California.

15   7.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

16 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

17 Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

18 when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

19 fictitiously named defendants are responsible in some manner for the occurrences, acts and

20 omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

21 defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

22 capacities of the DOE defendants when ascertained.

23   8.  Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

24 mentioned herein, some or all of the defendants were the representatives, agents, employees,

25 partners, directors, associates, joint venturers, principals or co-participants of some or all of the

26 other defendants, and in doing the things alleged herein, were acting within the course and scope of

27 such relationship and with the full knowledge, consent and ratification by such other defendants.

28   9.  Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

2
CLASS ACTION COMPLAINT

1  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

2  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

3  acts and omissions alleged herein.

4  **CLASS ALLEGATIONS**

5      10.    This action has been brought and may be maintained as a class action pursuant to

6  Code of Civil Procedure section 382 because there is a well-defined community of interest among

7  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

8  unaware of any difficulties likely to be encountered in managing this case as a class action.

9      11.    **Relevant Time Period**:  The relevant time period is defined as the time period

10  beginning four years prior to the filing of this action until judgment is entered.

11      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
    and/or any other third parties who are California residents and/or non-California residents
12      who worked in California during the **Relevant Time Period**.

13          **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
        shift in excess of five hours during the **Relevant Time Period**.
14

15          **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
        of at least three and one-half (3.5) hours during the **Relevant Time Period**.

16          **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
        employed by Defendants in California during the period beginning one year before
17          the filing of this action and ending when final judgment is entered.

18          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
        separated from their employment with Defendants during the period beginning three
19          years before the filing of this action and ending when final judgment is entered.

20      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
    during the **Relevant Time Period**.
21

22      12.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

23  right to amend or modify the class definitions with greater specificity, by further division into sub-

24  classes and/or by limitation to particular issues.

25      13.    **Numerosity**:  The class members are so numerous that the individual joinder of each

26  individual class member is impractical.  While Plaintiff does not currently know the exact number

27  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

28  exceeds the minimum required for numerosity under California law.

14. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    F.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

    G.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

    H.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

    I.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

    J.    Whether Defendants applied policies or practices that result in late and/or

1    incomplete final wage payments;

2    K.    Whether Defendants are liable to class members for waiting time penalties

3    under Labor Code section 203;

4    L.    Whether class members are entitled to restitution of money or property that

5    Defendants may have acquired from them through unfair competition;

6    15.    **Typicality**:  Plaintiff's claims are typical of the other class members' claims.

7    Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

8    failing to comply with the Labor Code and Business and Professions Code as alleged in this

9    Complaint.

10    16.    **Adequacy of Class Representative**:  Plaintiff is an adequate class representative in

11    that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

12    members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

13    and adequately represent and protect the interests of the other class members.

14    17.    **Adequacy of Class Counsel**:  Plaintiff's counsel are adequate class counsel in that

15    they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

16    wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

17    behalf of Plaintiff and absent class members.

18    18.    **Superiority**:  A class action is vastly superior to other available means for fair and

19    efficient adjudication of the class members' claims and would be beneficial to the parties and the

20    Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

21    and efficiently prosecute their common claims in a single forum without the unnecessary

22    duplication of effort and expense that numerous individual actions would entail.  In addition, the

23    monetary amounts due to many individual class members are likely to be relatively small and would

24    thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

25    Moreover, a class action will serve an important public interest by permitting class members to

26    effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

27    potential for inconsistent or contradictory judgments inherent in individual litigation.

28    ///

1

## GENERAL ALLEGATIONS

2     19.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

3  approximately August 1, 2002 through September 2015.

4        **Shortened and/or Late Meal Periods, Auto-Deduct and Off-the-Clock**

5     20.    During his employment with Defendants, Plaintiff regularly worked shifts of eight

6  or more hours per day, without being afforded a meal period during the first five hours, and/or a

7  second meal break after ten hours, as required by California law.  Defendants had a policy of

8  automatically deducting time from Plaintiff's timesheets, regardless of whether Plaintiff took a

9  meal period or not.

10     21.    Defendants' ability to provide meal periods and Plaintiff's ability to take them were

11 dictated by the flight schedules of planes coming and going from the Southwest terminal at the

12 Ontario airport.  For example, the duration of meal periods varied from day to day and in large part

13 depended on whether there was sufficient time in between each flight.  On some occasions,

14 Plaintiff and the putative class were provided with less than thirty minutes for a meal period due to

15 flight diversions that required them to interrupt their meal periods and report back to work in order

16 to service those planes.  On other times, Plaintiff and the putative class were provided with meal

17 period after the fifth hour as it was so busy that there was no one to relieve them and so they had to

18 wait for other employees to relieve them for their meal periods.

19     22.    On those occasions when Plaintiff and the putative class were required to interrupt

20 their meal periods, they were not provided with at least thirty minutes uninterrupted meal periods

21 and were also not paid for the time spent working as Defendants auto-deducted for the meal period.

22 As a result, Plaintiff and the putative class were not paid for all hours worked.

23     23.    Plaintiffs and the putative class members were not provided with meal periods of at

24 least thirty (30) minutes for each five (5) hour work period before the fifth hour of work due to (1)

25 Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically

26 understaffing each work shift with not enough workers; (3) imposing so much work on each

27 employee such that it made it unlikely that an employee would be able to take their meal periods if

28 they wanted to finish their work on time; and (4) no formal written meal and rest period policy that

1  encouraged employees to take their meal and rest periods.

2      24.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not

3  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

4  worked before the fifth hour of work due to complying with Defendants' productivity requirements

5  that required Plaintiffs and the putative class to work through their meal periods as there was no

6  one to relieve them.

7                                    **Missed Rest Periods**

8      25.    Plaintiff and the putative class members were not provided with rest periods of at

9  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10  Defendants' policy of not scheduling each test period as part of each work shift; (2) chronically

11  understaffing each work shift with not enough workers; (3) imposing so much work on each

12  employee such that it made it unlikely that an employee would be able to take their rest periods if

13  they wanted to finish their work on time; and (4) no formal written meal and rest period policy that

14  encouraged employees to take their meal and rest periods.

15      26.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17  or major fraction thereof due to complying with Defendants' productivity requirements that

18  required Plaintiff and the putative class to work through their rest periods as there was no one to

19  relieve them.

20                                    **Overtime Wages**

21      27.    Plaintiff and the putative class were not paid for all hours worked in excess of eight

22  hours a day, and/or forty hours a week at the correct overtime rate.

23      28.    For example, when Plaintiff picked up a double shift by agreeing to work an

24  additional shift for another employee after working his regularly scheduled shift, he would be paid

25  straight time for all hours worked, even though Plaintiff would have worked in excess of eight

26  hours per day and/or forty hours in the workweek.

27      29.    As a result, Plaintiff and the putative was not paid for all overtime hours worked at

28  the correct rate of pay.

**Regular Rate of Pay**

30.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee.  This requirement includes, but is not limited, to, non-discretionary bonuses and/or shift differential pay.

31.    During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

**Wage Statements**

32.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

33.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:

    a.  all hours worked, including overtime, were not paid and so gross wages earned was not accurately reported;

    b.  any and all meal and/or rest period premiums were not paid, and so gross wages earned was not accurately reported;

    c.  any and all overtime and/or double compensation were not properly calculated as the regular rate of pay did not take into consideration all remuneration paid, and so gross wages earned was not accurately reported;

34.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:

    a.  all hours worked, including overtime, were not included and so total hours worked was not accurately reported;

35.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:

    a.  all hours worked, including overtime, were not paid and so net wages earned

CLASS ACTION COMPLAINT

1    were not accurately reported;

2    b.  any and all meal and/or rest period premiums were not paid, and so net wages

3    earned was not accurately reported;

4    c.  any and all overtime and/or double time compensation were not properly

5    calculated as the regular rate of pay did not take into consideration all

6    remuneration paid, and so net wages earned was not accurately reported.

7    36.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

8    hourly rates in effect during the pay period and the corresponding number of hours worked at each

9    hourly rate by the employee" were not accurately reflected in that:

10    a.  all hours worked, including overtime, were not included and so the

11    corresponding number hours worked at each hourly rate was not accurately

12    reported;

13    b.  the regular rate of pay did not take into consideration all remuneration paid and

14    so the applicable hourly rates in effect during the pay period was not accurately

15    reported.

16    ## FIRST CAUSE OF ACTION

17    ### FAILURE TO PROVIDE MEAL PERIODS

18    **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

19    **(Plaintiff and Meal Period Sub-Class)**

20    37.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

21    fully alleged herein.

22    38.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

23    non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

24    Code and the applicable Industrial Welfare Commission Wage Order.

25    39.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

26    Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

27    employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

28    of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

1 | minutes for each work period of ten hours.

2 | 40. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

3 | Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

4 | work during required meal periods and require employers to pay non-exempt employees an hour of

5 | premium wages on each workday that the employee is not provided with the required meal period.

6 | 41. Compensation for missed meal periods constitutes wages within the meaning of

7 | Labor Code section 200.

8 | 42. Labor Code section 1198 makes it unlawful to employ a person under conditions that

9 | violate the applicable Wage Order.

10 | 43. Section 11 of the applicable Wage Order states:

11 | "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of

12 | not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is

13 | relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal

14 | period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties

15 | an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

16 |

17 | 44. At all relevant times, Plaintiff was not subject to a valid on-duty meal period

18 | agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

19 | members were not subject to valid on-duty meal period agreements with Defendants.

20 | 45. Plaintiff alleges that, at all relevant times during the applicable limitations period,

21 | Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

22 | **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

23 | each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

24 | Order.

25 | 46. Plaintiff alleges that, at all relevant times during the applicable limitations period,

26 | Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

27 | **Class** members when they worked five (5) hours without clocking out for any meal period.

28 | 47. Plaintiff alleges that, at all relevant times during the applicable limitations period,

10

1  Defendants maintained a policy or practice of automatically deducting for a meal period from the

2  paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or

3  not they were able to take an uninterrupted, duty-free meal period.

4      48.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

5  Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

6  **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

7  failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

8      49.    Moreover, Defendants written policies do not provide that employees must take their

9  first meal period before the end of the fifth hour of work, that they are entitled to a second meal

10 period if they work a shift of over ten hours, or that the second meal period must commence before

11 the end of the tenth hour of work, unless waived.

12     50.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

13 **Class** members additional premium wages, and/or were not paid premium wages at the employees'

14 regular rates of pay when required meal periods were not provided.

15     51.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

16 and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

17 and costs of suit.

18     52.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

20 the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

21                      **SECOND CAUSE OF ACTION**

22                  **FAILURE TO PROVIDE REST PERIODS**

23                  **(Lab. Code §§ 204, 223, 226.7 and 1198)**

24                  **(Plaintiff and Rest Period Sub-Class)**

25     53.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26 herein.

27     54.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

28 non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

1 | Code and the applicable Wage Order.

2 |     55.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

3 | employers to permit and authorize employees to take required rest periods at a rate of no less than

4 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

5 | in the middle of each work period insofar as practicable.

6 |     56.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

7 | employers from requiring employees to work during required rest periods and require employers to

8 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

9 | each workday that the employee is not provided with the required rest period(s).

10 |     57.    Compensation for missed rest periods constitutes wages within the meaning of Labor

11 | Code section 200.

12 |     58.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

13 | violate the Wage Order.

14 |     59.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

15 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

16 | with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

17 | as required by the applicable Wage Order.

18 |     60.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

19 | **Class** members additional premium wages when required rest periods were not provided.

20 |     61.    Specifically, Defendants written policies do not provide that employees may take a

21 | rest period for each four hours worked, or major fraction thereof, and that rest periods should be

22 | taken in the middle of each work period insofar as practicable.

23 |     62.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

24 | and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

25 | costs of suit.

26 |     63.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

27 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

28 | **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

1

**THIRD CAUSE OF ACTION**

2

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

3

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

4

**(Plaintiff and Hourly Employee Class)**

5      64.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

6   herein.

7      65.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

8   been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

9   applicable Wage Order.

10      66.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

11   which an employee is subject to the control of the employer, and includes all the time the employee

12   is suffered or permitted to work, whether or not required to do so."

13      67.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

14   employees at least the minimum wage set forth therein for all hours worked, which consist of all

15   hours that an employer has actual or constructive knowledge that employees are working.

16      68.    Labor Code section 1194 invalidates any agreement between an employer and an

17   employee to work for less than the minimum or overtime wage required under the applicable Wage

18   Order.

19      69.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

20   damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

21   addition to the underlying unpaid minimum wages and interest thereon.

22      70.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

23   than the minimum wage required under the applicable Wage Order for all hours worked during a

24   payroll period.

25      71.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

26   person acting either individually or as an officer, agent or employee of another person, to pay an

27   employee, or cause an employee to be paid, less than the applicable minimum wage.

28      72.    Labor Code section 1198 makes it unlawful for employers to employ employees

13

1  under conditions that violate the applicable Wage Order.

2      73.    Labor Code section 204 requires employers to pay non-exempt employees their

3  earned wages for the normal work period at least twice during each calendar month on days the

4  employer designates in advance and to pay non-exempt employees their earned wages for labor

5  performed in excess of the normal work period by no later than the next regular payday.

6      74.    Labor Code section 223 makes it unlawful for employers to pay their employees

7  lower wages than required by contract or statute while purporting to pay them legal wages.

8      75.    Labor Code section 510 and Section 3 of the applicable Wage Order require

9  employees to pay non-exempt employees overtime wages of no less than one and one-half times

10  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

11  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

12  the seventh consecutive day of one workweek.

13      76.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

14  employers to pay non-exempt employees overtime wages of no less than two times their respective

15  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

16  worked in excess of eight hours on a seventh consecutive workday during the workweek.

17      77.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

18  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

19  to working conditions and compensation arrangements.

20      78.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

21  **Employee Class** members for all time worked, including but not limited to, overtime hours at

22  statutory and/or agreed rates.

23      79.    At all relevant times during the applicable limitations period, Defendants maintained

24  a policy or practice of automatically deducting from Plaintiff's timecard on every workday for a

25  meal period, regardless of whether or not Plaintiff was provided with a meal period.

26      80.    Plaintiff is informed and believes that, at all relevant times during the applicable

27  limitations period, Defendants maintained a policy or practice of automatically deducting from

28  **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of

1   whether or not **Hourly Employee Class** members were provided with a meal period.

2       81.     As a result of Defendants' policy or practice of automatically deducting from

3   employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class**

4   members were required to perform off-the-clock work that Defendants either knew or should have

5   known they were working.

6       82.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

7   worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

8   permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

9   overtime hours worked.

10      83.     Plaintiff is informed and believes that, at all relevant times during the applicable

11  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

12  **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

13  at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

14      84.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

15  **Employee Class** members all earned wages every pay period at the correct rates, including

16  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

17  **Hourly Employee Class** members to perform off-the-clock work.

18      85.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

19  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

20  full amount of wages earned during each pay period during the applicable limitations period,

21  including overtime wages.

22      86.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

23  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

24  overtime wages, interest thereon and costs of suit.

25      87.     The regular rate of pay under California law includes all remuneration for

26  employment paid to, on behalf of, the employee.  This requirement includes but is not limited to,

27  non-discretionary bonuses, and/or shift differential pay.

28      88.     During the applicable limitations period, Defendants violated the rights of Plaintiff

15

CLASS ACTION COMPLAINT

1 | and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

2 | to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510,

3 | 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable

4 | remuneration, including but not limited to, non-discretionary bonuses and/or shift differential pay.

5 |       89.    California law uses the terms "compensation" and "pay" interchangeably and

6 | requires that all applicable remuneration, including but not limited to, non-discretionary bonuses

7 | and/or shift differential pay, be included when calculating an employee's regular rate of pay.

8 |       90.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

9 | compensation that did not reflect, among other things, non-discretionary bonuses and/or shift

10 | differential pay, as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

11 | applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal

12 | and/or rest periods.

13 |       91.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

14 | during the applicable limitations period, Defendants maintained a policy or practice of paying

15 | **Hourly Employee Class** members premium wages based on rates of compensation that have not

16 | reflected non-discretionary bonuses and/or shift differential pay as required by Labor Code section

17 | 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants

18 | paid them premium wages in lieu of meal and/or rest periods.

19 |       92.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

20 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

21 | **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

22 | **FOURTH CAUSE OF ACTION**

23 | **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

24 | **(Lab. Code § 226)**

25 | **(Plaintiff and Wage Statement Penalties Sub-Class)**

26 |       93.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27 | herein.

28 |       94.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

95. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

96. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

97. Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

CLASS ACTION COMPLAINT

98.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

99.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

100.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

101.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

102.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

103.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

1    104.    At all relevant times, pursuant to Labor Code section 202, employees who have

2 resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

3 payment of all final wages within seventy-two (72) hours of giving notice of resignation.

4    105.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

5 final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

6    106.    Plaintiff is informed and believes that, at all relevant time during the applicable

7 limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

8 members all of their final wages in accordance with the Labor Code.

9    107.    Plaintiff is informed and believes that, at all relevant times during the applicable

10 limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

11 **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

12 sections 201 or 202 by failing to timely pay them all final wages.

13    108.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

14 timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

15 willful in that Defendants have the ability to pay final wages in accordance with Labor Code

16 sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

17 with those requirements.

18    109.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

19 **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

20 final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

21    110.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

22 and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

23 **Class** members, seek awards of reasonable attorneys' fees and costs.

24                    <u>**SIXTH CAUSE OF ACTION**</u>

25                    **UNFAIR COMPETITION**

26                    **(Bus. & Prof. Code §§ 17200 *et seq.*)**

27                    **(Plaintiff and UCL Class)**

28    111.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

1   herein.

2        112.    Business and Professions Code section 17200 defines "unfair competition" to

3   include any unlawful business practice.

4        113.    Business and Professions Code section 17203-17204 allow a person who has lost

5   money or property as a result of unfair competition to bring a class action in accordance with Code

6   of Civil Procedure section 382 to recover money or property that may have been acquired from

7   similarly situated persons by means of unfair competition.

8        114.    California law requires employers to pay hourly, non-exempt employees for all hours

9   they are permitted or suffered to work, including hours that the employer knows or reasonable

10  should know that employees have worked.

11       115.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

12  SECOND and THIRD causes of action herein.

13       116.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

14       117.    Defendants have or may have acquired money by means of unfair competition.

15       118.    Plaintiff is informed and believes and thereupon alleges that by committing the

16  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

17  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

18  Labor Code violations alleged herein.

19       119.    Defendants have committed criminal conduct through their policies and practices of,

20  *inter alia*, failing to comport with their affirmative obligations as an employer provide non-exempt

21  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

22  of five or more hours, by failing to provide non-exempt employees with a paid ten-minute rest

23  period every four hours worked or major fraction thereof, and by failing to pay non-exempt

24  employees for all hours worked and at the correct rate of pay.  At all relevant times, Plaintiff and

25  **UCL Class** members have been non-exempt employees and entitled to the full protections of both

26  the Labor Code and the applicable Wage Order.

27       120.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

28  constitutes unfair competition within the meaning of Business and Professions Code section 17200

1  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

2  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

3  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

4  behalf of similarly situated persons in a class action proceeding.

5       121.   As a result of Defendants' violations of the Labor Code during the applicable

6  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

7  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

8  conduct.

9       122.   Plaintiff is informed and believes that other similarly situated persons have been

10  subject to the same unlawful policies or practices of Defendants.

11       123.   Due to the unfair and unlawful business practices in violation of the Labor Code,

12  Defendants have gained a competitive advantage over other comparable companies doing business

13  in the State of California that comply with their legal obligations.

14       124.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

15  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

16  violates or is considered unlawful under any other state or federal law.

17       125.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

18  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

19  Defendants, and each of them, and their agents and employees, from further violations of the Labor

20  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

21  an order permanently enjoining Defendants, and each of them, and their respective agents and

22  employees, from further violations of the Labor Code and applicable Industrial Welfare

23  Commission Wage Orders.

24       126.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

25  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

26  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

27  and unfair business practices.

28       127.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

1    and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

2    reasonable attorneys' fees in connection with their unfair competition claims.

3                                    **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief

5    and judgment against Defendants as follows:

6            (1)    An order that the action be certified as a class action;

7            (2)    An order that Plaintiff be appointed class representative;

8            (3)    An order that counsel for Plaintiff be appointed class counsel;

9            (4)    Unpaid wages;

10           (5)    Actual damages;

11           (6)    Liquidated damages;

12           (7)    Restitution;

13           (8)    Declaratory relief;

14           (9)    Pre-judgment interest;

15           (10)   Statutory penalties;

16           (11)   Civil penalties;

17           (12)   Costs of suit;

18           (13)   Reasonable attorneys' fees; and

19           (14)   Such other relief as the Court deems just and proper.

20                                  **DEMAND FOR JURY TRIAL**

21       Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

22   issues so triable.

23

24   DATED:  October 24, 2018              SETAREH LAW GROUP

25

26

27                                        SHAUN SETAREH
                                          Attorneys for Plaintiff
28                                        MARCO GARAY

                                    22
                            CLASS ACTION COMPLAINT

*Superior Court of California, County of Alameda*



*Notice of Assignment of Judge for All Purposes*

Case Number: RG18926106
Case Title:    Garay VS Southwest Airlines Co.
Date of Filing: 10/25/2018

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| Judge: | Jo-Lynne Q. Lee |
| Department: | 18 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland  CA  94612 |
| Phone Number: | (510) 267-6934 |
| Fax Number: | (510) 267-1506 |
| Email Address: | Dept.18@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jo-Lynne Q. Lee
DEPARTMENT 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civilty, Alameda County Bar Association www.acbanet.org (link at bottom of page).  Email is the preferred method of communicating  with court staff in Dept. 18, particularly for scheduling hearings.  Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries.  When a copy of a document must be transmitted to court staff, it should be hand-delivered to Dept. 18.  PDFs should not be emailed to the Court without prior permission;  as such attachments can disable the Court's email in-box.  Further, the use of an email attachment is not a substitute for filing of pleadings or other documents.  All email communications should be copied to all parties for whom an email address is available, so inclusion  of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is critical.

## Schedule for Department 18

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Anyone seeking to schedule a hearing must first "meet and confer" with counsel regarding proposed dates then contact Dept. 18 via email with copies to all counsel.

- Trials generally are held:  Monday through Thursday from 8:30 AM through 1:30 PM. Cases may trail a trial in progress. A Readiness Hearing is held Fridays at 9:00 AM ten days before the trial date.

- Case Management Conferences are held:  Mon/Wed at 3:00 PM, and Fri at 9:00 AM. Timely filed and completed CMC Statements are required at least 15 days before the conference and may eliminate the need for a hearing. Please check on the RofA via DOMAINweb for the Tentative CMO.

- Law and Motion matters are heard:  Tues/Thurs at 3:00 PM. Email D-18 for reservations with case name, number, title, who you represent and dates for reservation. 1 courtesy copy of motion papers are to be submitted directly to D-18. Place reservation #, date, time and dept on motion.

- Settlement Conferences are heard:  As scheduled by the Judge.  Court resources are limited, and counsel should consider other ADR alternatives.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Mon-Thurs at 3:00 PM. The applicant must contact the clerk for a hearing date, provide CRC 3.1203(a) notice to all parties, must appear in person or by phone if allowed.

- Always check the website the day before the hearing for developments on your case. See link to above "List of documents" for more information on department. (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724).  (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. Those efforts must be well documented for any motion.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.18@alameda.courts.ca.gov
    Phone:        510-267-6934

    The Court requests that inquiries be made by e-mail to avoid disrupting courtroom proceedings.

- Ex Parte Matters
    Email:        Dept.18@alameda.courts.ca.gov
    Phone:        510-267-6934

    For more information or any other questions please email dept. 18.

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18

- Phone:  1-866-223-2244

Dated:  10/26/2018

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/29/2018

By _____
Deputy Clerk

21098187

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>**ALAMEDA COUNTY**<br>NOV 1 3 2018<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County |
| 1225 Fallon Street, #109 |
| Oakland, CA 94612-4293 |

| PLAINTIFF/PETITIONER: Marco Garav | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Southwest Airlines Co. | RG18926106 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Southwest |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:    Summons; Complaint; Civil Case Cover Sheet

3. a. Party served:  Southwest Airlines Co., a Texas corporation

   b. Person Served: Lawyers Incorporating Service - LaQuinta Holman - Person Authorized to Accept Service of P
4. Address where the party was served:  2702 Love Field Drive

        Dallas, TX 75235
5. I served the party
   a. **by personal service. I** personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 10/31/2018        (2) at  (time): 12:02PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

Southwest Airlines Co., a Texas corporation
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:     Roger Bigony
   b. Address:  One Legal - 194-Marin
            504 Redwood Blvd #223
            Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 175.00
   e I am:
      (1)  Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 11/01/2018

Roger Bigony
     (NAME OF PERSON WHO SERVED PAPERS)                     (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]               **PROOF OF SERVICE OF SUMMONS**        Code of Civil Procedure, § 417.10

OL# 12429474

# EXHIBIT C

1  RICHARD H. RAHM, Bar No. 130728
   rrahm@littler.com
2  ANGELA J. RAFOTH, Bar No. 241966
   arafoth@littler.com
3  C. ROBERT HARRINGTON, Bar No. 302239
   rharrington@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, CA 94104
   Telephone:  415.433.1940
6  Fax No.:    415.399.8490

7  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.

8

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 3 2018

SUE PESKO

9                    SUPERIOR COURT OF CALIFORNIA

                          COUNTY OF ALAMEDA
10

11  MARCO GARAY, on behalf of himself,       Case No.  RG18926106
    all other similarly situated,
12                                           **DEFENDANT SOUTHWEST AIRLINES
                 Plaintiff,                  CO.'S ANSWER TO PLAINTIFF'S
13                                           COMPLAINT**
            v.
14
    SOUTHWEST AIRLINES CO, a Texas
15  corporation, and DOES 1 through 50,
    inclusive,
16                                           Complaint Filed:  October 25, 2018
                 Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Southwest Airlines Co. ("Southwest"), through the undersigned counsel, hereby answers the Complaint for Damages filed by Plaintiff Marco Garay ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Southwest hereby answers the Complaint filed by Plaintiff by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, by denying that this matter is appropriate for a representative proceeding, by denying that any current or former employees of Southwest have been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative or other defenses.

## DEFENSES

Southwest alleges the following separate and distinct defenses against the claims of Plaintiff and each putative class member.  In asserting these defenses, Southwest does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.  Further, Southwest does not presently know all the facts concerning the conduct of Plaintiff and/or the putative class members sufficient to state all affirmative defenses at this time.  Southwest will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

### (Failure to State a Claim)

1.      Plaintiff fails to state a claim upon which relief can be granted for each and every cause of action set forth in the Complaint.

## SECOND DEFENSE

### (Class Action – Certification Prerequisites)

2.      Plaintiff and/or the alleged putative class members' claims are barred, in whole or in part, because Plaintiff cannot satisfy the prerequisites of class certification and therefore cannot represent the interest of others.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047          2.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRD DEFENSE**

(Class Action – Standing)

3.     Plaintiff lacks standing to assert the legal rights or interests of others.

**FOURTH DEFENSE**

(Class Action – Lack of Manageability)

4.     Plaintiff and/or the alleged putative class members' claims are barred, in whole or in part, because of the difficulties likely to be encountered render this action as unmanageable.

**FIFTH DEFENSE**

(Class Action – Violation of Due Process)

5.     Certification of a class and/or allowing the action to proceed with Plaintiff as a representative would constitute a denial of Southwest's substantive and procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**SIXTH DEFENSE**

(Class Action – No Damages)

6.     This case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

**SEVENTH DEFENSE**

(Cal. Lab. Code § 512 – Meal Periods – Compliance)

7.     Plaintiff and/or the alleged putative class members' meal period-related claims barred, in whole or in part, because Southwest provided meal periods in compliance with California law.

**EIGHTH DEFENSE**

(Cal. Lab. Code § 512 – Meal Periods – No Hindrance)

8.     Plaintiff and/or the alleged putative class members' meal period-related claims are barred, in whole or in part, because Southwest did not prevent Plaintiff and/or the alleged putative

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                    3.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

1  class members from taking such meal periods.

2  **NINTH DEFENSE**

3  (Cal. Lab. Code § 512 – Meal Periods – Waiver)

4  9.  Plaintiff and/or the alleged putative class members waived their meal period for days

5  in which their total work period was no more than six hours and, to the extent that the total work

6  period was between ten and twelve hours, they waived their second meal period and did not waive

7  their first meal period.

8  **TENTH DEFENSE**

9  (Cal. Lab. Code § 512 – Meal Periods – CBA Preemption)

10  10.  Plaintiff and/or the alleged putative class members are covered by a collective

11  bargaining agreement in compliance with Labor Code section 510(d) and, therefore, their meal

12  period claims are preempted by that statute.

13  **ELEVENTH DEFENSE**

14  (Cal. Lab. Code § 512 – Meal Periods – IWC/RLA Preemption)

15  11.  Plaintiff and/or the alleged putative class members are covered by a collective

16  bargaining agreement in compliance with Industrial Wage Order No. 9 and, therefore, their meal

17  period claims are preempted by Section 9(1)(E) and the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.*

18  **TWELFTH DEFENSE**

19  (Cal. Lab. Code § 512 – Meal Periods – Arbitration)

20  12.  Plaintiff and/or the alleged putative class members are covered by a collective

21  bargaining agreement under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* and failed to submit

22  their claims to binding arbitration.

23  **THIRTEENTH DEFENSE**

24  (Cal. Lab. Code § 512 – Meal Periods – ADA Preemption)

25  13.  Plaintiff and/or the alleged putative class members meal period claims are preempted

26  by the provisions of the Airline Deregulation Act, 49 U.S.C. § 41713.

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                4.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

**FOURTEENTH DEFENSE**

(Cal. Lab. Code § 226.7 – Rest Periods – Compliance)

14.    Plaintiff and/or the alleged putative class members' rest period-related claims are barred, in whole or in part, because Southwest provided paid rest periods in compliance with California law.

**FIFTHTEENTH DEFENSE**

(Cal. Lab. Code § 226.7 – Rest Periods – No Hindrance)

15.    Plaintiff and/or the alleged putative class members' rest period-related claims are barred, in whole or in part, because Southwest did not prevent Plaintiff and/or the alleged putative class members from taking such rest periods.

**SIXTEENTH DEFENSE**

(Cal. Lab. Code § 226.7 – Rest Periods – Arbitration)

16.    Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. and failed to submit their claims to binding arbitration.

**SEVENTEENTH DEFENSE**

(Cal. Lab. Code § 226.7 – Rest Periods – ADA Preemption)

17.    Plaintiff and/or the alleged putative class members rest period claims are preempted by the provisions of the Airline Deregulation Act, 49 U.S.C. § 41713.

**EIGHTEENTH DEFENSE**

(Cal. Lab. Code § 1197 – Minimum Wages – Compliance)

18.    Plaintiff and/or the alleged putative class members minimum wage claims are barred, either in whole or in part, because Southwest at all times paid him and the putative class members at minimum wage or above.

**NINETEENTH DEFENSE**

(Cal. Lab. Code § 1197 – Minimum Wages – RLA Preemption/Arbitration)

19.    Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. and failed to submit

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                    5.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

their claims to binding arbitration.

## TWENTIETH DEFENSE

(Cal. Lab. Code § 510 – Overtime Wages – Compliance)

20. Plaintiff and/or the alleged putative class members' overtime-related claims barred, in whole or in part, because Southwest paid overtime in compliance with California law.

## TWENTY-FIRST DEFENSE

(Cal. Lab. Code § 514 – Overtime Wages – CBA Preemption)

21. Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement in compliance with Labor Code section 514 and, therefore, their overtime claims are preempted by that statute.

## TWENTY-SECOND DEFENSE

(Cal. Lab. Code § 510 – Overtime Wages – IWC/RLA Preemption)

22. Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement in compliance with Industrial Wage Order No. 9 and, therefore, their meal period claims are preempted by Sections 9(1)(E), 9(3)(H), and the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*.

## TWENTY-THIRD DEFENSE

(Cal. Lab. Code § 510 – Overtime Wages – Arbitration)

23. Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. and failed to submit their claims to binding arbitration.

## TWENTY-FOURTH DEFENSE

(Cal. Lab. Code § 226(a) – Wage Statements – Compliance)

24. Southwest's wage statements to Plaintiff and/or the putative class members complied with California law.

## TWENTY-FIFTH DEFENSE

(Cal. Lab. Code § 226(e) – Wage Statements – Lack of Injury)

25. Plaintiff and/or the putative class members sustained no injury from any alleged

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                6.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | failure by Southwest to comply with Labor Code section 226.

**TWENTY-SIXTH DEFENSE**

(Cal. Lab. Code § 226(e) – Wage Statements – Unintentional)

26.    Any injury Plaintiff and/or the putative class members sustained from any alleged failure by Southwest to comply with Labor Code section 226 was unintentional.

**TWENTY-SEVENTH DEFENSE**

(Cal. Lab. Code § 226(a) – Wage Statements – IWC/RLA Preemption)

27.    Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement in compliance with Industrial Wage Order No. 9 and, therefore, their wage statement claims are preempted by Section 9(1)(E) and the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*.

**TWENTY-EIGHTH DEFENSE**

(Cal. Lab. Code § 226(a) – Wage Statements – RLA Arbitration)

28.    Plaintiff and/or the alleged putative class members are covered by a collective bargaining agreement under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. and failed to submit their claims to binding arbitration.

**TWENTY-NINTH DEFENSE**

(Cal. Lab. Code § 226(a) – Wage Statements – ADA Preemption)

29.    Plaintiff and/or the alleged putative class members rest period claims are preempted by the provisions of the Airline Deregulation Act, 49 U.S.C. § 41713.

**THIRTIETH DEFENSE**

(Cal. Lab. Code § 203 – Waiting Time Penalties – No Wages Owed)

30.    Plaintiff and/or the alleged class members were paid all wages owed to them at the time of their separation and, therefore, their waiting time penalties' claim is barred.

**THIRTY-FIRST DEFENSE**

(Cal. Lab. Code § 203 – Waiting Time Penalties – Good Faith Dispute)

31.    The waiting time penalties' claim of Plaintiff and/or the alleged class members is barred because there is a good faith dispute as to whether Southwest failed to pay all wages due

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047          7.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

under Labor Code sections 201 or 202.

**THIRTY-SECOND DEFENSE**

(Cal. Lab. Code § 203 – Waiting Time Penalties – No Penalties After Action Filed)

32.    Any waiting time penalties owed to Plaintiff and/or the alleged class members are cut off as of the date of the filing of this action.

**THIRTY-THIRD DEFENSE**

(B&P Code § 17200 – Due Process)

33.    Prosecution of an action under California Business and Professions Code sections 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Southwest's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**THIRTY-FOURTH DEFENSE**

(B&P Code § 17200 – Lack of Standing)

34.    Plaintiff lacks standing to pursue injunctive or declaratory relief as result of his status as a former employee at the time the lawsuit was filed and because Plaintiff has an adequate remedy at law.

**THIRTY-FIFTH DEFENSE**

(Cal. Lab. Code § 2699 *et seq.* – Failure to Exhaust)

35.    Plaintiff and/or the alleged putative class members' claim for civil penalties under the Private Attorneys General Act ("PAGA") fail because Plaintiff failed to exhaust administrative remedies under California Labor Code section 2699.3.

**THIRTY-SIXTH DEFENSE**

(Cal. Lab. Code § 2699 *et seq.* – No Constitutionality)

36.    The imposition of civil penalties under to the PAGA would be unjust, arbitrary, oppressive, confiscatory, and/or unconstitutional, in that such penalties violate Southwest's due process rights under the California and United States Constitutions.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                    8.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRTY-SEVENTH DEFENSE**

(Statute of Limitations)

37.    Each and every cause of action is barred, in whole or in part, by the applicable statute of limitations.

**THIRTY-EIGHTH DEFENSE**

(Equitable Defenses)

38.    Each and every cause of action set forth in the complaint is barred, in whole or in part, by the doctrines of laches, estoppel, waiver, release, and/or unclean hands.

**THIRTY-NINTH DEFENSE**

(Exhaustion)

39.    Plaintiff and/or putative class members failed to properly exhaust all of the applicable contractual, administrative and/or statutorily required remedies prior to filing this action, and that such failure bars this suit in whole or in part.

**FORTIETH DEFENSE**

(Damages or Loss Proximately Caused By Plaintiff and/or Putative Class Members)

40.    Southwest alleges that any damage or loss sustained by Plaintiff and/or the putative class members was proximately caused by their own actions or inactions.

**FORTY-FIRST DEFENSE**

(Reasonable Belief of Compliance with Law)

41.    Southwest alleges that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Southwest had reasonable grounds for believing that policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that there is no entitlement to any damages.

**FORTY-SECOND DEFENSE**

(Attorney's Fees)

42.    Southwest alleges Plaintiff is not entitled under applicable law to recover attorneys' fees for some or all of the claims asserted in the Complaint.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047                    9.

SOUTHWEST'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## **ADDITIONAL DEFENSES**

2        43.    Southwest reserves its right to amend this Answer and raise any and all other defenses

3   that are discovery during the pendency of this litigation.

4   ## **PRAYER FOR RELIEF**

5        WHEREFORE, Southwest prays for relief as follows:

6       1.   That Southwest takes nothing and that the Complaint be dismissed in its entirety

7          with prejudice;

8       2.   That a class or sub class not be certified;

9       3.   That judgment be entered in Southwest's favor;

10      4.   That Southwest be awarded its attorney fees and costs of suit; and

11      5.   That Southwest be awarded such other and further relief as the Court deems just

12         and proper.

13

14  Dated:  December 13, 2018

15

16

17  RICHARD H. RAHM
ANGELA J. RAFOTH

18  C. ROBERT HARRINGTON
LITTLER MENDELSON, P.C.

19  Attorneys for Defendant

20  SOUTHWEST AIRLINES CO.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

FIRMWIDE:160591036.3 087904.1047

10.

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard H. Rahm, SBN 130728; Angela J. Rafoth, SBN 241966 C. Robert Harrington, SBN 302239 LITTLER MENDELSON, P.C. 333 Bush Street, 34th Floor San Francisco, CA 94104 TELEPHONE NO.: 415.433.1940 E-MAIL ADDRESS *(Optional):*    FAX NO. *(Optional):* 415.399.8490 ATTORNEY FOR *(Name):* Defendant Southwest Airlines Co. | ENDORSED FILED ALAMEDA COUNTY DEC 1 3 2018 SUE PESKO |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
| STREET ADDRESS: 1221 Oak Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Oakland 94612 |
| BRANCH NAME: Administration Building |

PETITIONER/PLAINTIFF: MARCO GARAY

RESPONDENT/DEFENDANT: SOUTHWEST AIRLINES CO., et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL— CIVIL | CASE NUMBER: RG18926106 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   LITTLER MENDELSON, P.C.  333 Bush Street, 34th Floor, San Francisco, CA 94104

3. On *(date):* December 13, 2018  I mailed from *(city and state):* San Francisco, CA
   the following **documents** *(specify):*
   **DEFENDANT SOUTHWEST AIRLINES CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Shaun Setareh, Esq.; H. Scott Leviant, Esq.; and William M. Pao, Esq.
   b. **Address** of person served:
   SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
   Beverly Hills, CA 90212
   Telephone (310) 888-7771; Facsimile (310) 888-01069

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 13, 2018

JOANNA VENEGAS
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

**PROOF OF SERVICE BY FIRST CLASS MAIL—CIVIL**
**(Proof of Service)**